**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DESHANEE STEWART and SEVARIA WILLS, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class,*<br><br>                              Plaintiff,<br><br>            v.<br><br>SUMMIT HEALTH MANAGEMENT, LLC, d/b/a CITYMD and CITY PRACTICE GROUP OF NEW YORK LLC, d/b/a CITYMD,<br><br>                              Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff DESHANEE STEWART ("Plaintiff STEWART") and SEVARIA WILLS ("Plaintiff WILLS" and, with Plaintiff STEWART, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this Complaint against Defendants SUMMIT HEALTH MANAGEMENT, LLC d/b/a CITYMD, and CITY PRACTICE GROUP OF NEW YORK d/b/a CITYMD ("Defendants"), allege the following:

## INTRODUCTION

1.      Plaintiff STEWART alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to timeshaving; (2) statutory penalties; (3) liquidated

damages; and (4) attorney's fees and costs.

2.      Plaintiffs further allege that, pursuant to New York Labor Law ("NYLL"), that she is entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to timeshaving; (2) compensation for late payment of wages; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

3.      Plaintiff STEWART further alleges individual claims pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL") and New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff STEWART is entitled to recover from Defendants for racial discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

4.      Plaintiff STEWART further alleges individual claims that Defendants unlawfully retaliated against her due to her lawful complaint, in violation of the FLSA and NYLL, and thus seeks to additionally recover from Defendants: (1) economic damages, (2) punitive damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Further, Defendants' main office and State of incorporation are both located in New Jersey and Plaintiffs are citizens of New York, and thus the Court diversity jurisdiction pursuant to 28 U.S. Code § 1332, exists given that the amount in controversy exceeds $75,000.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District.

## **PARTIES**

8.      Plaintiff DESHANEE STEWART is a resident of New York County.

9.      Plaintiff SEVARIA WILLS is a resident of New York County.

10.     Defendants own and manage CityMD facilities in New York City at the following

locations:

a)  East 96th Urgent Care – 1500 Lexington Avenue, New York, NY 10029;

b)  East 86th Urgent Care – 336 East 86th Street, New York, NY 10028;

c)  East 79th Urgent Care -  9th Avenue 24th Street, New York, NY 10011;

d)  West 104th Urgent Care – 2710 Broadway, NY 10025;

e)  West 88th Urgent Care – 2398 Broadway, NY 10024;

f)  East 125th Urgent Care: 153 East 125th Street, New York, NY 10035;

g)  East 67th Urgent Care: 1150 3rd Avenue, New York, NY 10065;

h)  West 125th Street Urgent Care: 80 West 125th Street, New York, NY 10027;

i)  West Harlem Urgent Care: 356 West 125th Street, New York, NY 10027;

j)  West 69th Urgent Care: 2025 Broadway, New York, NY 10023;

k)  West 57th Urgent Care: 315 West 57th Street, New York, NY 10019;

l)  East 50th Urgent Care: 944 2nd Avenue, New York, NY 10022;

m) West 146th Urgent Care: 3556 Broadway, New York, NY 10031;

n)  East 40th Urgent Care: 275 Madison Avenue, New York, NY 10016;

o)  West 39th Urgent Care: 1412 Broadway, New York, NY 10018;

p)  West 42nd Urgent Care: 345 West 42nd, New York, NY 10036;

q)  East 37th Urgent Care: 561 3rd Avenue, New York, NY 10016;

r)  West 33rd Urgent Care: 5 Penn Plaza, New York, NY 10001;

s)  West 29th Urgent Care: 330 7th Avenue, New York, NY 10001;

t)  East 23rd Urgent Care: 212 East 23rd Street, New York, NY 10010;

u)  West 23rd Urgent Care: 37 West 23rd Street, New York, NY 10010;

v)  Chelsea Urgent Care: 400 West 23rd Street, New York, NY 10011;

w)  East 14th Urgent Care: 216 East 14th Street, New York, NY 10003;

x)  West 14th Urgent Care: 14 West 14th Street, New York, NY 10011;

y)  West 181st Urgent Care: 617 West 181st Street, New York, NY 10033;

z)  West Village Urgent Care: 331 6th Avenue, New York, NY 10014;

aa) Noho Urgent Care – 654 Broadway, New York, NY 10012;

bb) Lower East Side Urgent Care – 138 Delancey Street, New York, NY 10002;

cc) Tribeca Urgent Care – 87 Chambers Street, New York, NY 10007;

dd) Fulton Urgent Care – 138 Fulton Street, New York, NY 10038;

ee) Financial District Urgent Care – 24 Broad Street, New York, NY 10005

(collectively, with CityMD sites not listed here, the "Facilities").

11.    All the Facilities are commonly owned by Defendant SUMMIT HEALTH MANAGEMENT, LLC, which merged with Defendant CITY PRACTICE GROUP OF NEW YORK LLC in or around 2019. *See* **Exhibit A** for a screenshot of the merger news on Summit Health website. The Facilities are operated under the common control of Defendant SUMMIT HEALTH MANAGEMENT, LLC. Specifically, the Facilities are engaged in related activities, share common ownership and have a common business purpose:

a)  All the Facilities are jointly shown on the following websites: https://www.citymd.com/urgent-care-locations. *See* **Exhibit B** for a screenshot of its Location page;

4

b) Both Summit Health and CityMD share the same code of conducts and compliance manual. *See* **Exhibit C**, Code of Conduct;

c) Both Summit Health and CityMD share a common career hiring portal. *See* **Exhibit D**, Career Page; and

d) Employees are interchangeable among the Facilities, and in fact employees are frequently interchanged. Plaintiff STEWART was frequently sent to other Facilities to cover shifts for other employees.

12.    Defendant SUMMIT HEALTH MANAGEMENT, LLC is a foreign limited liability company organized under the laws of New Jersey, with a principal place of business located at 150 Floral Avenue, New Providence, NJ 07974 and service of process address located at 1 Diamond Hill Road, Berkeley Heights, NJ 07922.

13.    To the extent that Defendant CITY PRACTICE GROUP OF NEW YORK LLC still operates, it is a foreign limited liability company organized under the laws of Delaware, with a principal place of business located at 150 Floral Avenue, New Providence, NJ 07974, and a New York address for service of process located at 336 East 86th Street, New York, NY 10022.

14.    At all relevant times, each Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

15.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff STEWART bring claims for relief as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt patient care and service representatives employed by Defendants in New York State on or after the date that is six years before the filing

of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.    At all relevant times, Plaintiff STEWART and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to a policy of timeshaving. The claims of Plaintiff STEWART stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

18.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

19.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former patient care and service representatives employed by Defendant in New York State on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class Period").

20.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

22.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay for all hours worked including overtime premiums, due to Defendants' practice of time-shaving; (ii) failure to pay employees weekly, (iii) failing to provide Class members with proper wage statements with every payment of wages; and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of New York Labor Law. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiffs and the Class within the meaning of New York Labor Laws;

b.    What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

d.    Whether Defendants properly notified Plaintiffs and Class members of hourly rate and overtime rate;

e.    Whether Defendants provided proper wage notices, at date of hiring and annually thereafter, informing Plaintiffs and Class members of their proper rates of compensation and other information required to be provided on wage notice, as required under New York Labor Law;

f.    Whether Defendants provided Plaintiffs and Class members proper wage statements with each payment of wages, as required under New York Labor Law;

g.    Whether Defendants properly compensated Plaintiffs and Class members for all hours worked, including overtime hours; and

h.    Whether Defendants provided Plaintiffs and Class members timely compensation of wages, as required under New York Labor Law.

## STATEMENT OF FACTS

*Plaintiff STEWART Wage and Hour:*

28.    In or around August 2021, Plaintiff STEWART was hired by Defendants to work as a patient care representative for Defendants' Facility, located at 1500 Lexington Avenue, New York, NY 10029. Plaintiff STEWART was also sent to cover shifts at the Facilities located at 336 East 86th Street, New York, NY 10028; 1150 3rd Avenue, New York, NY 10065; and 3556 Broadway, New York, NY 10031. Plaintiff STEWART's employment with Defendants was terminated in or around May 14, 2022.

29.    As a patient care representative, Plaintiff STEWART's duties included cleaning, sweeping, mopping, moving boxes of supplies and equipment, working reception by greeting and checking-in patients, getting patient information, and assisting with necessary paperwork.

30.    From the start of Plaintiff STEWART's employment until in or around March 2022, Plaintiff STEWART was scheduled to work four (4) days per week, for a total of thirty-eight (38) hours each week.

31.    From in or around March 2022 until the end of Plaintiff STEWART's employment, Plaintiff STEWART was scheduled to work forty (42) hours per week.

32.    Throughout Plaintiff STEWART's employment with Defendants, Plaintiff STEWART was compensated at a rate of eighteen dollars ($18) per hour. At all times Plaintiff STEWART was paid by bi-weekly checks.

*Plaintiff SERVARIA WILLS Wage and Hour:*

33.    In or around August 2015, Plaintiff WILLS was hired by Defendants to work as a

patient care representative for Defendants' Facility, located at 69th Street and Broadway. Plaintiff WILLS was also sent to cover shifts at the following Facilities located at (i) 57th Street Columbus Cir., (ii) 88th Street/Broadway, (iii) 51st Street and 1st Avenue, and (iv) West 23rd Street/8th Avenue. Plaintiff WILLS's employment with Defendants terminated in or around October 2018.

34.    As a patient care representative, Plaintiff WILLS's duties included cleaning, sweeping, mopping, moving boxes of supplies and equipment, working reception by greeting and checking-in patients, getting patient information, and assisting with necessary paperwork.

35.    From the start of her employment until the end of her employment, Plaintiff WILLS was scheduled to work four (4) days per week, twelve (12) hours per workday, for a total of forty-eight (48) scheduled hours per week.

36.    At the start of Plaintiff WILLS's employment, Plaintiff WILLS was compensated at $12.00 per hour.  At the end Plaintiff WILLS's employment, Plaintiff WILLS was compensated at $17.50 per hour.   At all times, Plaintiff WILLS was paid by bi-weekly checks.

*Collective and Class Wage Claims*

37.    Throughout Plaintiffs' employment with Defendants and regardless of location worked, Plaintiffs worked their scheduled hours, and then worked hours beyond those hours, which went uncompensated.  Similar to Plaintiffs, FLSA Collective Plaintiffs and Class members were regularly not paid for all hours worked. Defendants' managers would routinely misstate Plaintiffs', FLSA Collective Plaintiffs' and Class members' total hours worked. This resulted in employees being shorted hours and missing pay. Plaintiffs were forced to routinely correct Defendants' errors, and Defendants failed to reimburse Plaintiffs for all missed payments.  FLSA Collective Plaintiffs and Class members suffered similar underpayment of hours worked as the Plaintiffs.

38.    On a regular basis, Defendants also failed to timely pay Plaintiffs their wages. For example, Plaintiffs regularly did not receive their wages within seven (7) days of the end of the week in which Plaintiffs earned them, in violation of NYLL § 191(1)(a)(i)[1]. As a result of this delayed payment, Plaintiffs are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.  FLSA Collective Plaintiffs and Class members also did not receive their wages within seven (7) days of the end of the week in which those wages were earned.

39.    Defendants knowingly and willfully operated their business with a policy of not providing wage notices, at the beginning of employment and annually thereafter, and proper wage statements pursuant to the requirements of NYLL.

40.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

41.    Due to Defendants' failure to provide legally mandated notices such as earning

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

42.    The delayed payment caused Plaintiffs to struggle to timely pay bills.  Class members similarly struggle to timely pay debts due to Defendant's untimely payment of wages and the attempts to hide wrongdoing from employees.

43.    Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs for all hours worked, in violation of the NYLL.

44.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs their wages within seven (7) days of the end of the week in which she earned them.

45.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

*Plaintiff STEWART Discrimination and Retaliation Claims:*

46.    Starting in or around March 2022, Manager Sueda [LNU] became Plaintiff STEWART's manager.  Starting from this date, Plaintiff STEWART began to suffer from discrimination based on her race. Plaintiff is African American and Manager Sueda [LNU] is Caucasian.

47.    Defendants discriminated against Plaintiff STEWART and eventually retaliated against her in violation of the FLSA and NYLL by firing Plaintiff STEWART in response to Plaintiff STEWART's complaints regarding her work schedule and treatment by her manager.

48.    Throughout her supervision of Plaintiff STEWART, Manager Sueda would single Plaintiff STEWART out and change Plaintiff STEWART's schedule without any advance notice.

49.     In addition to singling out Plaintiff STEWART, when Plaintiff STEWART complained to managers, including Manager Sueda about her work schedule, inconsistent payments, and treatment, Plaintiff STEWART would receive no help and would be warned to stop being "passive aggressive" and "non-cooperative."

50.     In or around May of 2022, Defendants terminated Plaintiff STEWART's employment upon pretextual reasons.

51.     On or around May 14, 2022, Defendants called Plaintiff at 7:00 a.m. while she was on her way to work and told her she was fired due to lack of professionalism.  Plaintiff STEWART then reached out to Human Resources for answers, but nothing was done and no investigation into this improper behavior occurred.

52.     In the first three months of Manager Sueda's [LNU] tenure, the only two African American employees, including Plaintiff, were fired by Plaintiff's Manager Sueda.

53.     Plaintiff retained Lee Litigation Group, PLLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

54.     Plaintiff STEWART realleges all the foregoing allegations in this Complaint as if fully set forth herein.

55.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff STEWART and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed Plaintiff STEWART and FLSA Collective Plaintiffs within the meaning of the FLSA.

57.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

58.     At all relevant times, the Defendants had a policy and practice that failed to pay wages to Plaintiff STEWART for all hours worked per workweek.

59.     Records, if any, concerning the number of hours worked by Plaintiff STEWART and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff STEWART and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff STEWART intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

60.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff STEWART and FLSA Collective Plaintiffs their proper wages when Defendants knew or should have known such was due.

61.     Defendants failed to properly disclose or apprise Plaintiff STEWART and FLSA Collective Plaintiffs of their rights under the FLSA.

62.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff STEWART and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

63.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff STEWART and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages; plus an equal amount as liquidated damages.

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

64.     Plaintiffs reallege all the foregoing allegations in this Complaint as if fully set forth herein.

65.     At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

66.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and Class members the full amount of wages owed under the NYLL.

67.     Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them for all hours worked.

68.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

69.     Defendants knowingly and willfully operated their business with a policy of failing to provide wage and hour notices, at the date of hiring and with each change of pay rate, to Plaintiffs and Class members per requirements of the NYLL.

70.     Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements as required under the NYLL.

71.     Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages; damages for unreasonably delayed payments; reasonable attorney's fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
### (NEW YORK EXECUTIVE LAW § 296)

72.     Plaintiff STEWART realleges all the foregoing allegations in this Complaint as if fully set forth herein.

73.     Plaintiff STEWART is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

74.     Defendants violated Plaintiff STEWART's statutory protected rights under the NYSHRL, New York Executive Law § 296, by discriminating and retaliating against Plaintiff STEWART on the basis of her race, in violation of the NYCHRL, by subjecting her to discriminatory conduct as set forth above.

75.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff STEWART's protected rights under the NYSHRL.

76.     As a result of Defendants' unlawful employment practice under the NYSHRL, Plaintiff STEWART sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

77.     Due to Defendants' violations under the NYSHRL, Plaintiff STEWART is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
### (NEW YORK CITY ADMINISTRATIVE CODE § 8-107)

78.     Plaintiff STEWART realleges all the foregoing allegations in this Complaint as if fully set forth herein.

17

79.     Plaintiff STEWART is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

80.     Defendants violated Plaintiff STEWART's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by discriminating against Plaintiff STEWART on the basis of her race in violation of the NYCHRL, by subjecting her to discriminatory conduct as set forth above.

81.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff STEWART's protected rights under the NYCHRL.

82.     As a result of Defendants' unlawful employment practice under the NYCHRL, Plaintiff STEWART sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

83.     Due to Defendants' violation under the NYCHRL, Plaintiff STEWART is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## COUNT V

## **RETALIATION UNDER THE FAIR LABOR STANDARDS ACT**

84.     Plaintiff STEWART realleges all the foregoing allegations in this Complaint as if fully set forth herein.

85.     At all relevant times Plaintiff STEWART was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

86.     Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has

filed any complaint . . . under or related to this Act."

87.    As alleged herein, Plaintiff STEWART complained to Defendants about Manager Sueda [LNU]'s unfair scheduling, inconsistent payments, and her unfair treatment of Plaintiff STEWART.

88.    In response to such complaints, Defendants terminated Plaintiff STEWART in violation of Section 15(a)(3).

89.    This retaliatory termination was in willful disregard of the provisions of the FLSA.

90.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff STEWART suffered damages in the form of lost earnings. Plaintiff STEWART seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

**COUNT VI**

**<u>RETALIATION UNDER THE NEW YORK LABOR LAW</u>**

91.    Plaintiff STEWART realleges all the foregoing allegations in this Complaint as if fully set forth herein.

92.    At all relevant times Plaintiff STEWART was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

93.    Defendants willfully violated the NYLL by retaliating against Plaintiff STEWART by terminating her shortly after she raised concerns about her work schedule, inconsistent payment, and her manager.

94.    Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

95.   As alleged herein, Plaintiff STEWART complained to Defendants about Manager Sueda [LNU]'s unfair scheduling, inconsistent payments, and her unfair treatment.

96.   In response to such complaints, Defendants terminated Plaintiff STEWART in violation of Section 215(a).

97.   This retaliatory termination was in willful disregard of the provisions of the NYLL.

98.   As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff STEWART suffered damages in the form of lost earnings. Plaintiff STEWART seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL;

d.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked per workweek, pursuant to the FLSA and NYLL;

f.  An award of back pay and compensatory damages due under the NYSHRL, and NYCHRL;

g.  An award of punitive damages under the NYSHRL, and NYCHRL;

h.  An award of back pay; front pay; compensatory damages; punitive damages; and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and NYLL;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Such other and further relief as this Court deems just and proper; and.

k.  Designation of Plaintiffs as Class representatives.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Dated: May 16, 2023

Respectfully submitted,

By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs, and the Class*