# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
                   cklee@leelitigation.com

<u>Via ECF</u>                                                        October 4, 2024

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court, S.D.N.Y.        **MEMO ENDORSED**
40 Foley Square
New York, New York 10007                                   at page 3

        Re:  *Stewart et al v. Summit Health Management, LLC et al*
              Case No. 1:23-cv-04073-ER

Dear Judge Ramos:

    We are counsel to Plaintiffs. We write to inform the Court of a discovery dispute and request a pre-motion conference under Local Civil Rule 37.2 and Your Honor's Individual Rules and Practices in Civil Cases. The parties have met and conferred and though able to resolve some of the disputes, the following disputes remain and require Court intervention:

- Scope of Class Document Discovery
- Scope of Computer Inspections
- E-Discovery - Hit Report
- Disputed Interrogatory Requests
- Disputed Doc. Demands

    Defendants' Responses to Plaintiffs' requests are attached as **Exhibit A** (Defendants' Doc. Responses) and **Exhibit B** (Defendants' Interrogatory Responses), **Exhibit C** (Communications Regarding Meet and Confers).

<u>Scope of Class Document Discovery</u>:

    Since the September 18 conference with the Court, the parties have met and conferred regarding the scope of class document discovery. As the Court is aware, at the last conference, Plaintiffs requested clock-in/out records and pay records for a 20% sampling of putative class members. While Defendants have accepted the Court's guidance that production of a sampling of class documents is appropriate in this matter, Defendants' sampling current-proposal is designed to render the documents produced useless and is disconnected from the needs of the case.

    Defendants' sampling counterproposal seeks to produce a sampling of (at most) 5 employees from each of the 11 locations (there are 140 City MD locations in NY) where Plaintiffs worked. During the parties' meet and confers, Defendants made clear that they are refusing to produce any employee time or pay record beyond the 11 locations where Plaintiffs worked.

    First, the limitation is designed to prevent Plaintiffs from acquiring documents which will aid in proving the *scope* of Defendants' policies across their 140 locations. The documents are the easiest way to demonstrate the commonality of Defendants' rounding policies and failure to compensate 20-minute breaks. The limitation is also meant to permit Defendants opportunity to later claim that the sampling is not representative as it only shows a problem with the locations at which Plaintiffs have personal experience.

Second, in an attempt to properly tailor Plaintiffs sampling percentage to the needs of the case, Plaintiffs have been seeking an estimate of the putative class size for over 11-months. Defendants have consistently refused to provide even an estimate of the class size. Defendants' offer of (at most) a sampling of 50 employees is entirely disconnected to the needs of this case. Plaintiff projects there are between 750 and 2,000 putative class members, but without a better understanding of the class size agreeing to any exact figure for sampling (rather than a percentage) will result in an unrepresentative sample.

### SCOPE OF COMPUTER INSPECTION REQUEST:

Plaintiffs have requested to conduct in-person inspections of City MD's computer start-up and/or log-in process, which is needed for employees to clock-in. Plaintiffs sought leave to enter 20% of City MD locations (approximately 28 of the 140 locations) and videotape the start-up and log-in process to acquire evidence of the length of time the process takes.

Again, after receiving guidance from the Court regarding the suitability of the request to the needs of this case, Defendants provided the following proposal: after City MD's close (after 8:00 pm), the parties film the clock-in process of the computers from both a shut-down state and a resting state at 5 locations. Defendants have made clear that regardless of the number of computers tested, they will be objecting that the results are not representative of the actual clock-in time. Given the anticipated objection as to whether the sampling is representative, Plaintiffs require the more robust sampling of their proposal to help establish their claims. Further, Plaintiffs request that the sampling be conducted during normal business hours.

### E-DISCOVERY:

Plaintiffs asked Defendants to run a hit-report using the search terms and custodians suggested by Plaintiffs. Defendants stated their intent to object to certain search terms as being too expansive on their face. Plaintiffs propose running all the search terms pursuant to the Sedona Conference Protocols to acquire a hit-report. The parties can then use this "hit report" to analyze properly the scope of the requested discovery. *See* THE SEDONA CONFERENCE, *Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, at 26–27 (September 2016) (emphasizing the importance of "validation of search results" via "hit reports," and iterative "term selections" in the context of refining search terms for e-discovery).

### GENERAL OBJECTIONS TO DEFENDANTS' FORMAL/WRITTEN RESPONSES:

- **Failure to State What Documents are Being Produced/Withheld:** Defendants' discovery responses frequently state the exact document that is being provided (rather than the type or category of documents) and then state no further documents will be provided. The failure to state what, if anything, is being withheld renders Defendants' responses deficient. Plaintiffs are left with no way of knowing what documents exist and are being withheld or what documents simply do not exist. This is seen in the following response to Document Request No. 4:

    Defendant states that it is producing documents titled "CityMD User Manual," "Employee Time Tracking in Workday," "Kronos User Guide for CMD Support Staff," "Kronos Employee Reference Guide,"…Defendant objects to and will not produce any other documents covered by this Request.

- **Failure to Provide Interrogatory Responses**: Rather than identify individuals as requested, Defendants provide only objections and refer Plaintiffs to Defendants' initial disclosures, which does not contain responsive information. *See* **Exhibit D** (Defendants' Initial Disclosures).

SPECIFIC OUTSTANDING RESPONSES AND DOCUMENTS SOUGHT BY PLAINTIFF:

In addition to the above general objections raised by Plaintiffs, Plaintiffs attach as **Exhibit E** a schedule containing a list of specific document and interrogatory disputes between the parties. The specific discovery disputes listed in **Exhibit E** involve responses to the following requests:

- Document Request Numbers: 1, 3-6, 7-11, 16-18, 25, 36-39, and 41.
- Interrogatory Request Numbers: 2-3, 5-6, 10 and 14.

Since the lifting of this matter's stay, Plaintiffs have met and conferred to obtain most of the above categories of records in meets and confers occurring in July 2024, August 2024, and September 2024. Plaintiffs have made significant attempts to find an agreement without the Court, but all the above issues require judicial intervention to resolve.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

We thank the Court for its time and consideration.

Best regards,

*/s/ C.K. Lee*
C.K. Lee, Esq.

---

Defendant is directed to respond to Plaintiff's letter motion for local rule 37.2 conference.  SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: October 6, 2024
New York, New York